UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-60633-CIV-MIDDLEBROOKS/JOHNSON

VITAL PHARMACEUTICALS, INC.,
a Florida corporation,

      Plaintiff,

v.

AMERICAN BODY BUILDING PRODUCTS,
LLC, an Illinois Limited Liability Company,

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

      This Cause comes before the Court on Defendant's Motion for Summary Judgment (DE 52), filed on October 30, 2006.  The Court has reviewed the record and is fully advised in the premises.

**I.  Background**

      This is an action for trade dress infringement, violation of the Lanham Act, 15 U.S.C. §1125(a), and unfair competition pursuant to Florida common law.

      Plaintiff Vital Pharmaceuticals, Inc., ("VPX"), is a designer and manufacturer of various nutritional supplement products that are used to support performance in, and recovery from, intense athletic activity.  VPX sells its various nutritional supplement products throughout the United States and overseas.

      On or about October 2003, VPX was preparing to launch a ready-to-drink nutritional supplement beverage, now known as Redline.  In an effort to distinguish its product, VPX, in

1

conjunction with bottle manufacturer CCL Container, Inc., ("CCL"), sought out to design packaging for its product with the hope of distinguishing it from competing brands.

VPX evaluated several proposed designs and prototypes from CCL in its effort to obtain a unique look for its product. Design efforts led to what VPX refers to as its protected trade dress, namely a bottle design comprising but not limited to the following elements: a cylindrical, seamless body having a bottom central and a top portion. The central portion comprises the majority of the bottle. The top portion of the bottle is integral with the central portion and defines an inwardly projecting convexly shaped configuration extending along its longitudinal direction and defines a short, thin neck having an opening for dispensing liquid. *See* Pl. Complaint at 5.

VPX has manufactured and sold additional nutritional supplement beverages in what it alleges is its trade dress. Plaintiff also alleges that it has been the exclusive user of its trade dress, and that it has expended substantial time and money in promoting and advertising its family of products utilizing this trade dress. As a result, VPX claims that its trade dress is either inherently distinctive or has acquired secondary meaning in the nutritional supplement trade.

Defendant American Body Building ("ABB") is a direct competitor of VPX in the nutritional supplement market. ABB introduced a product called Speedshot, another nutritional supplement, and it planned on distributing the product in a container that VPX alleges infringes its trade dress. VPX alleges that the packaging of ABB's Speedshot product is so similar to its trade dress that consumers will be confused, and VPX's will suffer adverse business consequences. As a result, Plaintiff has filed the instant lawsuit.

**II. Facts**

In the middle to latter part of 2003, VPX began the process of developing a new ready to drink version of Redline. The resulting container for the product was originally manufactured for VPX in aluminum by CCL Container. This year VPX switched to a container that is plastic, with a metallic shrink wrap, that is manufactured by a different company.

Prior to VPX's introduction of Redline in the CCL-made container, Defendant ABB manufactured its own line of ready to drink sports supplement products. ABB did not offer any of its products in an 8-fluid ounce container prior to VPX's introduction of Redline in an 8-fluid ounce container. ABB's ready to drink products were often sold in a "finger grips" shaped plastic container, or a pop top soda can.

In or about April 2006, ABB began selling its Speed Shot product in an 8-fluid ounce container similar to the container VPX utilizes for its Redline product. VPX alleges that ABB's packaging of its Speed Shot product violates its trade dress.

**III. Analysis**

Summary judgment is appropriate only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of meeting this exacting standard. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In applying this standard, the evidence, and all reasonable factual inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. *See Arrington v. Cobb County*, 139 F.3d 865, 871 (11th Cir. 1998); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The non-moving party, however, bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in their favor. *See*

*Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).  The non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Further, conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment.  *See Earley*, 907 F.2d at 1081.  The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment.  *See Celotex*, 477 U.S. at 322.

In this case Plaintiff alleges that Defendant has violated its rights under Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125.  The relevant portion of the statute reads as follows:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which–
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

In order to prevail on a claim for trade dress infringement pursuant to this statute, a

4

Plaintiff must prove by a preponderance of the evidence that (1) the trade dress of the two products is confusingly similar; (2) that the features of the trade dress are primarily nonfunctional; and (3) that the trade dress is inherently distinctive or has acquired secondary meaning. *See Epic Metals Corp. v. Souliere*, 99 F.3d 1034, 1038 (11th Cir. 1996).

The legal inquiry and tests involved in ruling on a trade dress claim are not conducive to resolution at the summary judgment stage, where the Court cannot make factual determinations. Other courts share this reluctance as well, noting that "trial courts disfavor deciding trademark cases in summary judgments because the ultimate issue is so inherently factual." *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1265 (9th Cir. 2001).

It is nearly impossible for a court to follow the Eleventh Circuit's test for trade dress claims without making factual findings. This Circuit has already held that the issue of functionality is a question of fact. *See Epic Metals Corp.*, 99 F.3d at 1037. Additionally, this Court believes that there is no way to determine whether two products are "confusingly similar" without a fact-based analysis. In this case, there are clear issues of material fact, and these disputes go to the heart of the Plaintiff's claims. Clearly, summary judgment is not appropriate.

Despite the denial of summary judgment, however, the Court takes no position on the merits of Plaintiff's claim. The burden to prove each of the three elements of a valid trade dress claim is on the Plaintiff. *See Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC,* 369 F.3d 1197, 1202 (11th Cir. 2004). In the present case, the issue of the functionality of Plaintiff's claimed trade dress will be central to the outcome.

The Eleventh Circuit has stated that there are two tests for determining functionality in trade dress suits.

> Under the first test, commonly referred to as the traditional test, a product feature is functional . . . if it is essential to the use or purpose of the article or if it affects the cost or quality of the article. Under the second test, which is commonly called the competitive necessity test and generally applied in cases of aesthetic functionality, a functional feature is one the exclusive use of [which] would put competitors at a significant non-reputation-related disadvantage. (Internal citations omitted).

*Id*. at 1203.

The Plaintiff is claiming that its protected trade dress is the bottle that contains the Redline product, so the Court will have to determine that the bottle is non-functional in order for Plaintiff to prevail. As the parties to this case are the experts on the marketing and use of their products, it would seem that they are best suited to reach a compromise on this matter.

Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (DE 52) is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, FL, this 19th day of December 2006.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to counsel of record