UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
06-60633-CIV-MIDDLEBROOKS/JOHNSON

**VITAL PHARMACEUTICALS, INC.,**
a Florida Corporation,

       Plaintiff,

vs.

**AMERICAN BODY BUILDING PRODUCTS, LLC,** an Illinois Limited
Liability Company,

       Defendant.
_____/

**VERIFIED MOTION OF DEFENDANT, AMERICAN BODY BUILDING PRODUCTS LLC, IN SUPPORT OF THE AMOUNT OF AWARDABLE ATTORNEYS' FEES**

  Defendant, American Body Building Products, LLC ("ABB"), by and through undersigned counsel and pursuant to Rule 7.3, *Southern District of Florida Local Rules* and the Court's February 23, 2007 Order Granting Defendant's Motion for Attorney's Fees, hereby submits this memorandum in support of the amount of attorneys' fees to be awarded to ABB as the prevailing party in this action from Plaintiff, Vital Pharmaceuticals, Inc. ("VPX"). To date, ABB has incurred attorneys' fees in the amount of $333,314.00 in defending this litigation, which this Court has found was initiated and prosecuted by the Plaintiff, VPX, in bad faith.

**Judgment and Statute Entitling Defendant to Relief**

  In May 2006, Plaintiff initiated an action against ABB alleging that it had violated Plaintiff's rights under the Lanham Act, 15 U.S.C. §1125(a). Plaintiff also alleged ABB had engaged in unfair competition. On January 12, 2007, this Court entered an Order of Final Disposition after a five day bench trial. The Court granted judgment in favor of ABB on all of Plaintiff's claims.

The Lanham Act allows a court to award attorneys' fees to a prevailing party in an exceptional case. *See* 15 U.S.C. §1117(a). At the direction of the Court, the parties submitted extensive briefs on the requirements of an exceptional case under the Lanham Act. At the close of briefing, the Court granted ABB's request for attorneys' fees and determined the facts established at trial qualified this case as an exceptional one under the Lanham Act because VPX commenced this case in bad faith and for an anticompetitive purpose. *See* Order Granting Defendant's Motion for Attorneys' Fees, p.9.

### Amount of Fees Sought

As of February 25, 2007, ABB had incurred attorneys' fees in connection with this case in the amount of $333,314.00.[1] The lodestar method is the accepted means upon which to determine a reasonable award of attorneys' fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This method calculates attorneys' fees by determining a reasonable hourly rate for a reasonable number of hours expended. *See Royal Palace Hotel Associates, Inc. v. International Resort Classics, Inc.*, 178 F.R.D. 595, 600 (M.D. Fla. 1998). In *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), the Eleventh Circuit adopted the twelve factors set forth in *Hensley* that should be considered to determine a reasonable amount of attorneys' fees. Those factors are: (1) the time and labor required by the case (2) the novelty and difficulty of the questions (3) the skill requisite to perform the legal services properly (4) the preclusion of employment by the attorney due to acceptance of the case (5) the customary fee (6) whether the fee is fixed or contingent (7) time limitations imposed by the client or the circumstances (8) the amount involved and the results obtained (9) the

---

[1] ABB reserves its right to seek reimbursement of reasonable fees incurred after February 23, 2007, in connection with these attorney fee proceedings. *See Thompson v. Pharmacy Corp. of Amer.*, 334 F.3d 1242 (11th Cir. 2003)(attorneys' fees may be recoverable for time spent litigating a statutory fee claim).

experience, reputation, and ability of the attorneys (10) the "undersireability" of the case (11) the nature and length of the professional relationship with the client and (12) awards in similar cases. These factors were taken into account by ABB's fee expert, Leslie J. Lott, as demonstrated by her affidavit, attached hereto as Exhibit B. ABB submits that, while all of the factors are relevant, several of the following factors, namely, (1), (5), (7), (8) and (11) as discussed below, should be given greater weight in the Court's analysis.

The fixed hourly rates charged by ABB's counsel in this case are the same as those rates customarily charged by ABB's counsel. In addition, the law firm of Isicoff, Ragatz & Koenigsberg (or its predecessor Isicoff & Ragatz, P.A.) has represented the interests of ABB since 2002, when it was acquired by its parent company, Optimum Nutrition, Inc. and has represented Optimum Nutrition, Inc. for more than ten years. Moreover, trademark and trade dress claims require specialized knowledge and skill.[2] With respect to factors (1) and (7), ABB's counsel was required to expend a significant amount of time and labor to this case and perform work under tight time constraints. This case was filed on May 5, 2006. On July 10, 2006, the Court issued a Pretrial Scheduling Order setting this case on its two week trial docket starting January 8, 2007. Pursuant to the Pretrial Scheduling Order, the parties were provided approximately three months to complete discovery. Discovery in this case included the exchange of thousands of documents between the parties and third party witnesses. ABB's counsel also hired and worked extensively with a survey expert to rebut VPX's infringement claims in the time allowed under the Pretrial Order. In addition, while the parties agreed to accommodate each other's requests for certain depositions past the discovery deadline, between September and the first week of January, just prior to the trial, nineteen depositions were taken in

---

[2] ABB's lead counsel, Eric D. Isicoff, has been practicing in the field of intellectual property litigation for nearly twenty-five years.

this case, many of which required travel outside of the jurisdiction.[3]  As a result of the extensive travel required to complete discovery in this case, and in order to meet the Court's pretrial deadlines and adequately and expeditiously defend against VPX's claims, ABB's counsel was required to staff this case with several attorneys.  VPX's counsel, likewise, utilized a staff of several attorneys during the course of this action to prosecute its client's claims.[4]

Thus, in a matter of months, ABB's counsel conducted and obtained necessary fact and expert discovery to defend its client and filed a comprehensive motion for summary judgment. In that same timeframe, pursuant to the Court's pretrial procedures, ABB's counsel worked with its witnesses to prepare its witnesses' direct trial testimonies to proffer as evidence at trial and to introduce its trial exhibits.  In addition, it should be noted that VPX stated in the Pre-trial Stipulation that it expected its fees to be approximately $675,000 through the conclusion of trial. *See* D.E.# 96-1.  ABB is seeking less than half of that amount.  There can be no better evidence of the reasonableness of the fee amount being sought by ABB.  The foregoing facts demonstrate the reasonableness of the attorneys' fee request by ABB in this case.

## Terms of ABB's Fees Agreement with its Counsel

ABB's fee arrangement with counsel is to pay for attorneys' fees on a fixed hourly basis.

---

[3] Witnesses were deposed in the Chicago area in two separate trips.  Counsel also made trips to depose witnesses in Pittsburgh, Minnesota, California, Washington, D.C. and Alabama during the aforementioned timeframe.

[4] By way of example, VPX's counsel utilized five different attorneys for defending and taking depositions scheduled in this case.

4

**Detailed Description of Hours Reasonably Expended, Hourly Rates and Bases Therefor**

Attached hetero as Exhibit A, are ABB's counsel's invoices which demonstrate the amount of hours billed to this matter, a description of the time billed and the hourly rates of the attorneys and paralegal that worked on the defense of this case.[5]

**Verification of Counsel**

Undersigned counsel hereby states that the facts set forth herein are true and correct. Counsel further certifies that ABB has agreed to pay the undersigned law firm for the fees it incurs on an hourly basis. Counsel certifies that he has fully reviewed the time records and supporting data and that this motion is well grounded in fact and is justified. Exhibit A includes true and correct copies of invoices for attorneys' fees charged to ABB and incurred in connection with the defense of Plaintiff's claims.

s/ Eric D. Isicoff<br>
Eric D. Isicoff

---

[5] The invoices generated by ABB's counsel refer to attorney and paralegal time by initials. Thus, "EDI" refers to Eric D. Isicoff, "TR" refers to Teresa Ragatz, both of whom charge the hourly rate of $340.00; "MLL" refers to Matthew L. Lines, an associate attorney whose hourly rate was $250.00; "SMS" refers to Stacy M. Schwartz an associate attorney whose hourly rate was $225.00; "TLC" refers to Tracy L. Cohen as associate attorney with an hourly rate of $200.00; "MSS" refers to Matthew Seth Sarelson an associate attorney with an hourly rate of $175.00; "KEP" refers to Kris E. Pearson and "LMK" refers to Lisa M. Komives, associates with hourly rates of $150.00; and AMC refers to Angie M. Cancino a paralegal whose hourly rate is $125.00.

ISICOFF, RAGATZ &KOENIGSBERG, 1200 BRICKELL AVENUE, SUITE 1900, MIAMI, FLORIDA 33131, Tel: 305-373-3232, Fax: 305-373-3233

**Certification Pursuant to Local Rule 7.3**

Pursuant to Rule 7.3, *Southern District of Florida Local Rules*, undersigned counsel for ABB hereby certifies that before filing this motion, counsel for ABB conferred with counsel for VPX in a good faith effort to resolve this motion. However, to date, counsel for the parties have been unable to reach a resolution, and the date of this motion is the deadline for ABB to seek the requested relief against VPX under the Federal Rules. Counsel for ABB remains willing to try and resolve this motion and ABB's counsel has been advised by VPX's counsel that VPX also remains willing to try and resolve this motion.  ABB respectfully submits that it believes the motion may be resolved by the Court without the necessity of a hearing.

                                                                             s/ Stacy M. Schwartz
                                                                             Stacy M. Schwartz

WHEREFORE, Defendant, ABB, requests that it be awarded attorneys' fees in the amount of $333,314.00.

                                                                             Respectfully submitted,

**ISICOFF, RAGATZ & KOENIGSBERG**
1200 Brickell Avenue
Suite 1900
Miami, Florida 33131
Tel:    (305) 373-3232
Fax:    (305) 373-3233

By:    s/ Stacy M. Schwartz
       Eric D. Isicoff
       Florida Bar No. 372201
       isicoff@irlaw.com
       Teresa Ragatz
       Florida Bar No. 545170
       ragatz@irlaw.com
       Stacy M. Schwartz
       Florida Bar No. 0520411
       schwartz@irlaw.com

6

ISICOFF, RAGATZ &KOENIGSBERG, 1200 BRICKELL AVENUE, SUITE 1900, MIAMI, FLORIDA 33131, Tel: 305-373-3232, Fax: 305-373-3233

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this $2^{\underline{nd}}$ day of March, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below service list in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Stacy M. Schwartz
Stacy M. Schwartz

**SERVICE LIST**

Vital Pharmaceuticals, Inc. v. American Body Building Products, LLC
Case No. 06-60633-CIV-MIDDLEBROOKS/JOHNSON
United States District Court, Southern District of Florida

| | |
|---|---|
| **Susan Latham, Esq.**<br>slatham@feldmangale.com<br>FeldmanGale, P.A.<br>Miami Center, 19th Floor<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: (305) 358-5001<br>Fax:(305) 358-3309<br>Attorneys for Plaintiff,<br>Vital Pharmaceuticals, Inc. | **Gregg Metzger, Esq.**<br>gmetzger@feldmangale.com<br>FeldmanGale, P.A.<br>Miami Center, 19th Floor<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: (305) 358-5001<br>Fax:(305) 358-3309<br>Attorneys for Plaintiff,<br>Vital Pharmaceuticals, Inc. |